1
2
3
4
5
6
7
8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10
11   THE AMERICAN AUTOMOBILE      )   CV 14-4040 RSWL (RZx)
     ASSOCIATION, INC.,           )
12                                )   **ORDER Re: Plaintiff's**
                    Plaintiff,    )   **Motion for Default**
13                                )   **Judgment and Relief** [40]
            v.                    )
14                                )
     TAMIR ZAID, AKA TAMIR        )
15   ZAIDENBERG,                  )
                                  )
16                  Defendant.    )
17   _____)

18       Plaintiff The American Automobile Association, Inc.

19   ("Plaintiff") has filed a Motion for Default Judgment

20   and Relief against Defendant Tamir Zaid ("Defendant")

21   [40].  The Court, having reviewed all papers submitted

22   pertaining to this Motion and having considered all

23   arguments presented to the Court, **NOW FINDS AND RULES**

24   **AS FOLLOWS:**

25       Plaintiff's Motion for Default Judgment and Relief

26   is hereby **GRANTED**.  The Court finds that Plaintiff has

27   met all local procedural requirements for default

28   judgment.  First, default was entered by the Clerk of

                             1

the Court as to Defendant [39].  Second, default was
entered to the Complaint filed in this proceeding.
Third, as declared by Plaintiff "on information and
belief," the potential claimant is neither a minor nor
an incompetent person.  O'Connor declaration ¶ 3.
Fourth, as declared by Plaintiff, it is indeterminable
whether Defendant is an active servicemember.  Id. ¶ 4.
Plaintiff may, and did, comply with the local rules by
submitting an affidavit "stating that the plaintiff is
unable to determine whether or not the defendant is in
military service."  50 U.S.C. Appx § 521(b)(1)(B).
Fifth, service of notice is not required.  Written
notice of the Motion for Default Judgment must be
served on parties who have appeared.  Fed. R. Civ. P.
55(b)(2).  In addition to formal appearances in court,
an appearance for the purposes of Rule 55 may be
"informal contacts between the parties [where] the
party in default has thereby demonstrated a clear
purpose to defend the suit." In re Roxford Foods, 12
F.3d 875, 879 (9th Cir. 1993) (quoting Wilson v. Moore
& Assocs., 564 F.2d 366, 368-69 (9th Cir. 1977))
(internal quotation marks omitted).  Here, Defendant
has not formally appeared before this Court, and
Defendant indicated his intention not to oppose the
Motion for Default Judgment.  See Ex. A (Declaration of
Sara J. O'Connell ISO Motion for Default Judgment) ¶¶
7-9 [40-4].  Therefore, notice was not required.
Nevertheless, Plaintiff gave proper notice by serving

1  the Motion for Default Judgement on Defendant.  <u>See</u>

2  Docket no. 40-3 (certificate of service of Motion for

3  Default Judgement).   As such, Plaintiff has complied

4  with the procedural requirements of Local Rule 55-1.

5      Furthermore, the Court finds that the substantive

6  factors set forth in <u>Eitel v. McCool</u>, 782 F.2d 1470

7  (9th Cir. 1986) weigh in favor of granting default

8  judgment, because of: a) the possibility of prejudice

9  to Plaintiff; (b) the fact that Plaintiff's case

10  appears to be meritorious and sufficiently pleaded in

11  the Complaint; (c) the fact that AAA only seeks the

12  transfer of the AAA-LOCKSMITHS.COM domain name to AAA,

13  <u>see</u> <u>Pepsico</u>, 238 F. Supp. 2d at 1176-77 (holding that

14  the fourth <u>Eitel</u> factor favors granting default

15  judgment when the only relief sought is injunctive

16  relief); (d) the lack of dispute as to genuine fact;

17  (e) and the lack of apparent excusable neglect by

18  Defendant in failing to appear.

19

20  THEREFORE, IT IS ORDERED that:

21      Default judgment shall be entered against

22  Defendant.   As for the relief requested, the Court

23  directs Defendant to relinquish all rights, title, and

24  interest, in the domain name AAA-LOCKSMITHS.COM, and to

25  transfer the domain name to Plaintiff. To facilitate

26  this transfer, it is further ordered that registry of

27  the domain names change the registrar of record to a

28  registrar of Plaintiffs' choosing. It is further

ordered that the new registrar of record change the
registrant to Plaintiff or its authorized
representative.  See Verizon California Inc. v.
OnlineNIC Inc., No. C 08-2832 JF (RS), 2008 WL 5352022,
at *3 (N.D. Cal. Dec. 19, 2008).


**IT IS SO ORDERED.**
DATED: April 13, 2014                RONALD S.W. LEW

                                     **HONORABLE RONALD S.W. LEW**
                                     Senior U.S. District Judge